NO.________________ **UNITED STATES**
**DISTRICT COURT**

**EASTERN**

**DISTRICT OF KENTUCKY**

**ASHLAND**

**DIVISION**
ELECTRONICALLY FILED

STACEY HINKLE, Individually, and as Administrator of the Estate of JEFFREY HINKLE PLAINTIFF

COMPLAINT

v.

WELLPATH LLC
Serve: Cogency Global Inc., Registered Agent
828 Lane Allen Rd., Suite 219
Lexington, KY 40504
&
JOHN SANDERS, M.D., Individually
Serve: c/o Little Sandy Correctional Complex
(Via Personal Service / Restricted Delivery)
505 Prison Connector
Sandy Hook, KY 41171
&
CHRISTIANIA FANNIN, RN, Individually
Serve: c/o Little Sandy Correctional Complex
(Via Personal Service / Restricted Delivery)
505 Prison Connector

Sandy Hook, KY 41171
&
JENILEE MAUK, RN, Individually
Serve: c/o Little Sandy Correctional Complex
(Via Personal Service / Restricted Delivery)
505 Prison Connector
Sandy Hook, KY 41171
&
JUDY MABRY, HSA, Individually
Serve: c/o Little Sandy Correctional Complex
(Via Personal Service / Restricted Delivery)
505 Prison Connector
Sandy Hook, KY 41171
&
LT. GARRETT WEBB, Individually
Serve: c/o Little Sandy Correctional Complex
(Via Personal Service / Restricted Delivery)
505 Prison Connector
Sandy Hook, KY 41171
&
CO MARK SCOTT, Individually
Serve: c/o Little Sandy Correctional Complex
(Via Personal Service / Restricted Delivery)
505 Prison Connector
Sandy Hook, KY 41171
&
CAPT. RYAN A. SAVAGE, Individually
Serve: c/o Little Sandy Correctional Complex
(Via Personal Service / Restricted Delivery)
505 Prison Connector

Sandy Hook, KY 41171
&
WARDEN IVAN D. KROW II,
Individually
Serve: c/o Little Sandy Correctional Complex
(Via Personal Service / Restricted Delivery)
505 Prison Connector
Sandy Hook, KY 41171

DEFENDANTS

*** *** *** *** *** ***

The Plaintiff, Stacey Hinkle, Individually and as the Administrator of the Estate of Jeffrey Hinkle, by and through counsel, and for her Complaint and causes of action against the Defendants hereby states the following:

PARTIES

1. Plaintiff Stacey Hinkle is and was at all times relevant hereto a resident of Shelbyville, Shelby County, Kentucky. She was the lawful spouse of Jeffrey Hinkle at the time of his death. On March 30, 2026, she was duly appointed as the Administrator of the Estate of Jeffrey Hinkle by the Shelby District Court, Probate Division (Case No. 26-P-00082).

2. Jeffrey Hinkle (hereinafter "Decedent") was a 55-year-old inmate in the custody of the Kentucky Department of Corrections, housed at Little Sandy Correctional Complex (LSCC) in Elliott County, Kentucky, from October 17, 2025, until his death on November 5, 2025.

3. Upon information and belief, Defendant Wellpath LLC (hereinafter "Wellpath") is a foreign limited liability company contracted by the Commonwealth of Kentucky to provide medical and healthcare services to inmates at LSCC. Wellpath acts under color of state law, with its Kentucky registered agent for service of process designated as Cogency Global Inc., 828 Lane Allen Rd., Suite 219, Lexington, KY 40504.

4. Upon information and belief, Defendant John Sanders, M.D., was at all relevant times the Facility Physician at LSCC, employed by or contracted through Wellpath, located at 505 Prison Connector, Sandy Hook, KY 41171. He is sued in his individual capacity.

5. Upon information and belief, Defendant Christiania Fannin, RN, was a Registered

Nurse at LSCC, located at 505 Prison Connector, Sandy Hook, KY 41171. She is sued in her individual capacity.

6. Upon information and belief, Defendant Jenilee Mauk, RN, was a Registered Nurse at LSCC, located at 505 Prison Connector, Sandy Hook, KY 41171. She is sued in her individual capacity.

7. Upon information and belief, Defendant Judy Mabry was the Health Services Administrator (HSA) at LSCC, located at 505 Prison Connector, Sandy Hook, KY 41171. She is sued in her individual capacity.

8. Upon information and belief, Defendant Lt. Garrett Webb was a Correctional Lieutenant at LSCC, located at 505 Prison Connector, Sandy Hook, KY 41171. He is sued in his individual capacity.

9. Upon information and belief, Defendant CO Mark Scott was a Correctional Officer at LSCC, located at 505 Prison Connector, Sandy Hook, KY 41171. He is sued in his individual capacity.

10. Upon information and belief, Defendant Capt. Ryan A. Savage was a Correctional Captain and Shift Supervisor at LSCC, located at 505 Prison Connector, Sandy Hook, KY 41171. He is sued in his individual capacity.

11. Upon information and belief, Defendant Warden Ivan D. Krow II was the Warden of LSCC, located at 505 Prison Connector, Sandy Hook, KY 41171. He is sued in his individual capacity.

## JURISDICTION & VENUE

12. Jurisdiction and Venue are proper in this Court as the incident giving rise to the injuries and death sustained by the Decedent occurred at the Little Sandy Correctional Complex (LSCC) in Elliott County, Kentucky, which is located within the Eastern District of Kentucky, Ashland Division; and the claims made against the Defendants exceed the jurisdictional minimum limits of this Court.

13. This Court has original jurisdiction over the federal civil rights claims pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

14. This Court has supplemental jurisdiction over the state-law claims pursuant to 28 U.S.C. § 1367.

## FACTS

15. On June 28, 2024, Jeffrey Hinkle underwent open-heart surgery for a bioprosthetic tissue Aortic Valve Replacement (AVR). In November 2024, he was hospitalized for sepsis and bacteremia secondary to prosthetic valve endocarditis, compounded by dilated cardiomyopathy and severe, chronic hypertension.

16. To sustain his life, Decedent was prescribed a mandatory daily regimen of cardiac medications, including Metoprolol tartrate (Lopressor) 50 mg BID, Furosemide (Lasix) 20 mg daily, Potassium Chloride (Klor-Con M20) 20 mEq daily, and Aspirin 81 mg daily.

17. On October 17, 2025, Decedent was transferred to LSCC. From October 17, 2025, to November 5, 2025, the Medical Defendants (Wellpath, Dr. Sanders, RN Fannin, RN Mauk, and HSA Mabry) failed to administer, dispense, or verify his life-sustaining cardiac medications.

18. On the morning of November 5, 2025, Decedent went into acute medical distress. At 10:20 AM, Dr. Sanders ordered an emergency ambulance transport.

19. Elliott County EMS arrived at the LSCC sallyport at 10:33 AM and were in the Medical Department by 10:42 AM.

20. Instead of transferring custody of the dying patient to paramedics immediately, the Correctional Defendants (Lt. Webb, CO Scott, and Capt. Savage) delayed the medical transport to conduct a strip search of Decedent at 10:43 AM and subsequently applied transportation restraints, despite the fact that Decedent could no longer stand under his own power.

21. Because of the Defendants' deliberate delays, at 10:55 AM, Decedent "coded" and went into cardiac arrest while shackled in the prison's "red zone."

22. The ambulance was unable to depart the facility until 11:10 AM. Decedent was pronounced dead at Morgan County ARH Hospital at 12:13 PM. The official cause of death was Atherosclerotic and Hypertensive Cardiovascular Disease.

## COUNT I: 42 U.S.C. § 1983 - EIGHTH AMENDMENT DELIBERATE INDIFFERENCE

23. Plaintiff adopts and incorporates by reference all the foregoing paragraphs as if set forth fully herein.

24. The Individual Medical Defendants acted with deliberate indifference to Decedent's

objectively serious medical needs by completely failing to provide his prescribed, life-sustaining cardiac medications for 19 days.

25. The Individual Correctional Defendants acted with deliberate indifference by prioritizing a routine strip search and the application of shackles over the immediate emergency evacuation of an inmate in active cardiac collapse, directly delaying life-saving interventions.

26. As a direct and proximate result of the aforementioned acts and omissions, Decedent suffered extreme conscious pain, terror, and ultimately death.

COUNT II: 42 U.S.C. § 1983 - MONELL LIABILITY

27. Plaintiff adopts and incorporates by reference all the foregoing paragraphs as if set forth fully herein.

28. Defendant Wellpath LLC maintained unconstitutional policies, customs, or practices—including chronic understaffing, failure to properly train intake staff on medication reconciliation, and systemic delays in dispensing medications—that directly caused the deprivation of Decedent's constitutional rights.

COUNT III: MEDICAL NEGLIGENCE & MALPRACTICE

29. Plaintiff adopts and incorporates by reference all the foregoing paragraphs as if set forth fully herein.

30. The Medical Defendants owed a duty to provide medical treatment consistent with accepted standards of medical and nursing practice. They breached this duty by failing to perform medication reconciliation, failing to administer necessary maintenance drugs, and failing to provide prompt emergency medical intervention.

31. These deviations from the standard of care were a substantial factor in causing Decedent's suffering and death.

COUNT IV: RESPONDEAT SUPERIOR / VICARIOUS LIABILITY

32. Plaintiff adopts and incorporates by reference all the foregoing paragraphs as if set forth fully herein.

33. At all relevant times, Dr. Sanders, RN Fannin, RN Mauk, and HSA Mabry were acting within the scope of their employment or agency with Wellpath LLC. Under Kentucky common law, Wellpath LLC is vicariously liable for the negligent acts and omissions of its employees and agents.

COUNT V: ORDINARY AND GROSS NEGLIGENCE

34. Plaintiff adopts and incorporates by reference all the foregoing paragraphs as if set forth fully herein.

35. The Correctional Defendants owed a duty of ordinary care to avoid causing foreseeable harm to Decedent.

36. Delaying an active emergency medical evacuation to conduct a strip search and place physical restraints on an incapacitated, dying patient constitutes gross negligence and a reckless disregard for human life.

COUNT VI: WRONGFUL DEATH & SURVIVAL ACTION (KRS 411.130 & 411.140)

37. Plaintiff adopts and incorporates by reference all the foregoing paragraphs as if set forth fully herein.

38. Prior to his death, Jeffrey Hinkle experienced severe conscious physical pain, respiratory distress, mental anguish, and terror due to the Defendants' actions and omissions. Pursuant to KRS 411.140, the Estate is entitled to recover damages for this conscious pain and suffering.

39. As a direct and proximate result of the Defendants' negligence and constitutional violations, Jeffrey Hinkle suffered a wrongful death. Pursuant to KRS 411.130, the Estate of Jeffrey Hinkle is entitled to recover damages for the destruction of Decedent's power to earn money, as well as funeral and burial expenses.

COUNT VII: LOSS OF SPOUSAL CONSORTIUM (KRS 411.145)

40. Plaintiff adopts and incorporates by reference all the foregoing paragraphs as if set forth fully herein.

41. As a direct and proximate result of the Defendants' wrongful acts, Stacey Hinkle has been permanently deprived of the companionship, services, assistance, and society of her husband, and is entitled to damages pursuant to KRS 411.145.

WHEREFORE, the Plaintiff demands as follows:

1. That the Clerk of this Court issue Summons to the Defendants via their registered agents and personal addresses along with a copy of this Complaint;

2. Judgment against the Defendants in an amount to be determined by the trier of fact as being fair and reasonable by all the evidence;

3. Punitive damages against all Defendants to punish and deter their reckless, malicious, and grossly negligent conduct;

4. Attorney fees and court costs reasonably incurred or expended pursuant to 42 U.S.C. § 1988 and other applicable law;

5. Pre-judgment interest;

6. Post-judgment interest; and

7. All just and proper relief to which the Plaintiff may appear entitled, including the right to amend this Complaint.

Respectfully Submitted

/s/ Gregory Lawrence Crutcher
Gregory Lawrence Crutcher
Partner
LOUISVILLE INJURY LAW FIRM, PLLC
717 Executive Park
Louisville, KY 40207
Tel: (502) 242-9000
Fax: (502) 747-4249
greg@louisvilleinjuryfirm.com
Counsel for Plaintiff